# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE L. COLEMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 4:13CV2459 HEA |
| NORTHLAND GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss, [Doc. No. 12]. For the reasons set forth below, the motion is granted.

## FACTS AND BACKGROUND

This consumer-protection dispute arises out of certain collection letters received by Plaintiff regarding her credit card debt at J.C. Penney. Plaintiff alleges that she received collection letters from Defendant in an attempt to collect the unpaid credit card debt. According to Plaintiff, she received at least five letters from Defendant over the course of the year 2013. Plaintiff claims that none of the letters disclosed that interest was accruing on her debt. The debt which Plaintiff claims to owe is $300, whereas, the letters she received reflected balances of over $700, increasing with each later letter. Plaintiff alleges she telephoned Defendant regarding the increasing amount and was advised that the reason the balance increased was the

1

20% interest rate that was being assessed. Plaintiff's single count petition[1] claims that the failure to advise Plaintiff of the assessment of interest on the debt and failure to include safe harbor language in the letters were violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d), (e) and (f). Defendant moves to dismiss the FDCPA claim.

## DISCUSSION

### Standard of Review

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir.2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. *See Twombly,* 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. *Iqbal,* 556 U.S. at 678 (citation and internal quotation marks omitted).

---

[1] Plaintiff's suit was originally filed in the Circuit Court of Jefferson County, Missouri and was removed to this Court based upon the Court's federal question jurisdiction.

The court does not consider matters outside the pleadings under Rule 12(b)(6). *See* Fed.R.Civ.P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." *See Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999) (citations and internal quotation marks omitted).

## FDCPA

Plaintiff alleges Defendant violated the FDCPA by failing to include in the letters that interest was accruing and the safe harbor language recommended by the Seventh Circuit for validation notices. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC.*, 214 F.3d 872, 876 (7th Cir. 2000). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]." *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 317–18 (8th Cir.2004) (citations and internal quotation marks omitted). "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." *Peters v. Gen. Serv. Bureau, Inc.,* 277 F.3d 1051, 1056 (8th Cir.2002) (citations and internal quotation marks omitted).

Plaintiff argues that Defendant's Motion is a premature attempt at summary judgment which impermissibly challenges the merits of her claims. Plaintiff claims that the February 2013 letter, which Defendant submits in support of its motion, was not received by Plaintiff and that she intends to establish that it is "dubious" that the letter was sent.[2] Plaintiff disputes the authenticity of the letter. Accordingly, the Court cannot, under the Federal Rules of Civil Procedure construe Defendant's submission of the February 2013 letter as "necessarily embraced by the pleadings." *Porous Media,* 186 F.3d at 1079.

Notwithstanding, Plaintiff's Petition fails to notify Defendant the precise section of the FDCPA which Plaintiff contends has been violated. While Plaintiff admits in her response that she is challenging Defendant's actions under Section 1692e(2)(A), the Petition fails to so specify, leaving Defendant questioning which provisions of the FDCPA Plaintiff actually contends were violated. As such, the Petition does not satisfy Rule 12(b)(6) requirements.

Moreover, Section 1692e(A) provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, [including]. . .[t]he false representation of the character, amount, or legal status of any debt." The false statement, however, must be material in order to be actionable under the FDCPA. *Camarena v. Wells Fargo*

---

[2] With this statement in mind, the Court reminds counsel of the provisions of Rule 11 of the Federal Rules of Civil Procedure.

*Bank, N.A.*, 2014 WL 4055631, 1 -2 (D.Minn. 2014). Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1034 (9th Cir.2010) (citation omitted). Here, Plaintiff has not pleaded that any misrepresentation affected her ability to intelligently choose her response. For this additional reason, dismissal of the FDCPA claim is warranted.

## CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff's Petition fails to satisfy *Twombly* and *Iqbal*.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss [Doc. No. 12] is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days within which to file an Amended Complaint.

Dated this 21st day of August, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE